IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| ALBERTO CEJA-VARGAS, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 7:18-cv-00022 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| M. BRECKON, | ) | United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Alberto Ceja-Vargas, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the Federal Bureau of Prisons (BOP) improperly calculated his sentence and that he is entitled to prior custody credit for time spent in custody from October 4, 2012, through April 10, 2015. Respondent filed a motion for summary judgment to which Ceja-Vargas responded, and this matter is ripe for disposition. Having reviewed the record, the court concludes that respondent's motion for summary judgment must be granted.

I. BACKGROUND

On October 4, 2012, Ceja-Vargas was arrested by border patrol agents in Texas. On October 30, 2012, an indictment was issued against him the United States District Court for the Southern District of Texas, Criminal Case No. 7:12-cr-01773, charging him with being an alien found in the United States after previously having been denied admission, excluded, deported, and removed (the Immigration Case). On February 26, 2013, Ceja-Vargas was sentenced in the district court to 18 months of imprisonment. Johnson Decl. ¶¶ 5-7, Dkt. No. 13-1; Attach. A, Dkt. No. 13-2.

A sentence computation was completed that commenced Ceja-Vargas's 18-month sentence on February 26, 2013, the date the sentence was imposed. Ceja-Vargas received prior custody credit from October 4, 2012, the date of his arrest by border patrol agents, until February 25, 2013, the day before his sentence was imposed, for a total of 145 days of prior custody credit. Ceja-Vargas's projected satisfaction date for his 18-month sentence was, therefore, January 22, 2014. Johnson Decl. ¶¶ 8-9, Dkt. No. 13-1; Attach. B, Dkt. No. 13-3.

On July 10, 2013, a new indictment was issued in the United States District Court for the Eastern District of Texas, Criminal Case No. 4:13-cr-00175, charging him with conspiring to possess with intent to distribute and distribution of methamphetamine (the Drug Case). Johnson Decl. ¶ 10, Dkt. No. 13-1; Attach. C, Dkt. No. 13-4.

On January 22, 2014, Ceja-Vargas completed his 18-month sentence imposed in the Immigration Case. He remained in the custody of the United States Marshals Service (USMS) pending resolution of the Drug Case. On April 10, 2015, Ceja-Vargas was sentenced to life imprisonment in the Drug Case. Johnson Decl. ¶¶ 12-13, Dkt. No. 13-1; Attach. D, E, Dkt. Nos. 13-5, 6.

A sentence computation was completed that commenced Ceja-Vargas's life sentence on April 10, 2015, the date the sentence was imposed. Ceja-Vargas also received prior custody credit from January 23, 2014, the day after he completed his 18-month sentence imposed in the Immigration Case, until April 9, 2015, the day before his life sentence was imposed and commenced in the Drug Case. Ceja-Vargas's projected satisfaction date is reflected as "Life." Johnson Decl. ¶ 14, Dkt. No. 13-1; Attach. F, Dkt. No. 13-7.

II.  DISCUSSION

Ceja-Vargas seeks prior custody credit for the time he was detained by border patrol agents from October 4, 2012, until April 10, 2015.  However, Ceja-Vargas is not entitled to any additional prior custody credit; therefore, the court will grant respondent's motion for summary judgment.

Prior custody credit is governed by 18 U.S.C. § 3585(b) and states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added).

Under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).  Therefore, prior custody credit cannot be granted if the prisoner has received credit toward another sentence.  *See United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (explaining that credit is only available for time spent in custody that has not been credited against another sentence).

Ceja-Vargas's 18-month sentence imposed in the Immigration Case commenced on February 26, 2013, the day it was imposed.  Ceja-Vargas was granted 145 days of prior custody credit for the time period beginning October 4, 2012, the date of his arrest by border patrol agents, through February 25, 2013, the day before his 18-month sentence was imposed and began to run.  Thus, all of the time Ceja-Vargas spent in custody prior to the imposition of Ceja-Vargas's 18-month sentence was credited against his 18-month sentence as prior custody credit.

Additionally, Ceja-Vargas's life sentence imposed in the Drug Case commenced on April 10, 2015, the date it was imposed, and he received prior custody credit beginning January 23, 2014, the day after he completed his 18-month sentence imposed in the Immigration Case, through April 9, 2015, the day before his life sentence was imposed and began to run. Thus, all of the time that Ceja-Vargas spent in custody after the completion of his 18-month sentence and before the commencement of his life sentence was credited against his life sentence as prior custody credit.

In response to respondent's motion for summary judgment, Ceja-Vargas does not dispute that the entire time that he spent in custody from the date of his arrest on October 4, 2012, through the present has been credited against his sentences, either as prior custody credit or as time spent serving his sentences. *See* Resp. Opp., Dkt. No. 17. Instead, he argues that that the time spent in custody of the border patrol agents should be credited against *both* sentences. *Id.* However, this argument has no basis in law. The plain language of § 3585(b) makes clear that prior custody credit may not be granted if the prisoner has already received the same credit towards another sentence. Additionally, Ceja-Vargas has not established that he is entitled to an exception from this well-established statutory bar. Although § 3585(b) clearly bars crediting a federal term with time already counted toward another sentence, the Fifth Circuit recognized an exception in *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971). Under *Willis*, the BOP may grant prior custody credit, even where it results in a double-credit toward a *state* sentence, when two conditions are met: "(1) a prisoner's state federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date." *Winston v. Stansberry*, No. 3:10CV631, 2011 U.S. Dist. LEXIS 74381, at *5, 2011 WL 2693383, at *2 (E.D. Va. July 11, 2011) (quoting *Willis*, 438 F.2d at 925). If both

conditions are met, then "credit is given toward the federal sentence for time spent in state pre-sentence custody that begins on or after the date of the federal offense, and runs to the imposition of the first state sentence." *Id.* These credits are only available for "time spent in non-federal presentence custody, before either a state or federal sentence is imposed." *Hargrove v. Wilson*, No. 3:14CV75, 2015 U.S. Dist. LEXIS 12690, at *10, 2015 WL 459224, at *4 (E.D. Va. Feb. 3, 2015) (emphasis omitted). The exception set out in *Willis* is not applicable here as Ceja-Vargas had no state sentence. The court concludes that Ceja-Vargas has been credited with all prior custody credit to which he is entitled. Because he has failed to show that he is in custody in violation of the Constitution or laws of the United States, he is not entitled to the habeas corpus relief he seeks, and respondent's motion for summary judgment must be granted.

III. CONCLUSION

For the reasons stated herein, the court will grant respondent's motion for summary judgment.

An appropriate order will be entered.

Entered: January 2, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

5